**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ASHLEY REGAN TOUHY, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.                                                            ) <br> ) <br> WALGREEN COMPANY, a foreign corporation, ) <br> ) <br> Defendant. ) | Case No. CIV-05-135-M |

**ORDER**

Before the Court is Plaintiff's Motion to Compel and Stay Adjudication of Defendant's Motion for Summary Judgment Until Resolution Thereof [docket no. 47], filed May 31, 2006. On June 8, 2006, Defendant filed its response. The matter is ripe for adjudication.

I.     Introduction

Plaintiff filed the instant action on February 4, 2005 asserting claims of intentional infliction of emotional distress, invasion of privacy, breach of contractual duty of confidentiality, and violation of Okla. Stat. tit. 63, § 1-502.2(H)[1]. On or about October 14, 2005, Plaintiff filed her First Set of Interrogatories and Requests for Production of Documents on Defendant. On or about December 16, 2005, Defendant submitted its responses. Plaintiff moves the Court to compel Defendant's complete, unevasive responses to Interrogatory No. 10 and Requests for Production Nos. 4, 6, and 8 through 14.

---

[1]Okla. Stat. tit. 63, § 1-502.2(H) provides:
> Any person who negligently, knowingly or intentionally discloses or fails to protect medical or epidemiological information classified as confidential pursuant to this section shall be civilly liable to the person who is the subject of the disclosure for court costs, attorneys fees, exemplary damages and all actual damages, including damages for economic, bodily or psychological harm which is proximately caused by the disclosure.

The parties have been unable to resolve their differences regarding four categories of information. Those categories are: (1) computer records; (2) Kim Whitlock's personnel file; (3) documents concerning Plaintiff, Whitlock, or the litigation; and (4) communications by and between Whitlock.

II.   Discussion

"Discovery rules are to be accorded a broad and liberal treatment." *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136 (W.D. Okla. 1977) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *Hickman v. Taylor*, 329 U.S. 495 (1947)). Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> **In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Further,

> [i]n opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents. Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery.

*Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005) (internal quotations and citations omitted). Additionally, "the party seeking to assert the attorney-client privilege or the work product

doctrine as a bar to discovery has the burden of establishing that either or both is applicable." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1985).

### A. Computer Records

Interrogatory No. 10 requests that Defendant "[i]dentify each person(s) who have assisted in the designing, maintenance an/or [sic] operation of any computer system that houses Plaintiff's records." Defendant objects to this request as "vague, ambiguous, overly broad, unduly burdensome, not reasonably limited in scope and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." These objections not withstanding, Defendant answered the interrogatory by stating that "it has a proprietary state-of-the-art system which was designed, developed and maintained by numerous persons over many years."

Requests for Production Nos. 10, 11, 12, 13, and 14 seek "all computer log files or audit trails that relate to any computer records you have concerning Plaintiff, including any records that identify, evidence or summarize any persons who have accessed Touhy's records," "all documents that identify, evidence or summarize any 'sign on' or user/system identification or authorization codes that your computer system indicates were used to access any information housed on any Walgreens computer system that concerns Plaintiff," "all documents that identify, evidence and summarize any 'sign on', user ID or other employee access code assigned to Whitlock or for any other employee who accessed any records that you maintain concerning Plaintiff at any time after November 2003," "any logs or accounting of disclosures you are required to maintain pursuant to HIPPA regarding each time Plaintiff's records were accessed, reviewed, disclosed or displayed," and "all manuals concerning any computer system or program where you house any information concerning Plaintiff."

Plaintiff contends that the information and documents sought through these requests are relevant because "if Walgreen's computer system can be queried or otherwise programmed to identify whether Whitlock in fact accessed Plaintiff's protected health information, that evidence would certainly have a tendency to prove or disprove whether Whitlock actually disclosed this information." Plaintiff's Initial Discovery Requests at 8-10, attached as Exhibit 1 to Plaintiff's Motion to Compel. Defendant objects to these requests on grounds that they are vague, ambiguous, overly broad, unduly burdensome, not reasonably limited in time or scope and seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Defendant attached the following responsive documents to its response to Plaintiff's initial discovery requests: (1) a copy of Plaintiff's prescription; (2) purged data regarding Plaintiff; (3) confidential patient information-prescription profile for Plaintiff for the period February 16, 2003 through February 15, 2005; (4) screen prints for Plaintiff; and, (5) with regard to Defendant's accounting of HIPPA disclosures, accounting disclosures dated March 9, 2005.

In its response to the instant motion, Defendant states "all relevant computer records pertaining to Plaintiff have been produced by Walgreen" and that "Walgreen has agreen to provide a copy of its pharmacy code of conduct, confidentiality and privacy policy and Walgreen's computer usage policy to Plaintiff upon execution of an appropriate Protective Order." Defendant's Response at 3-4. Further, Defendant asserts that "the Walgreen computer system simply 'does not track the identity of employees who merely access a customer's pharmacy records without making an affirmative entry," and that "[t]he Walgreen computer system 'can identify those employees who entered data during the intake and review of a prescription, but does not provide an audit trail of

each employee who updates a specific patient record.' Rather Intercom Plus can only identify the last person who entered/updated patient registration information." Defendant's Response at 4. Finally, Defendant asserts that "the Intercom Plus system cannot be queried to identify those individuals who have accessed a particular customer's pharmacy records or to determine whether a specific employee accessed a particular customer's pharmacy records, beyond those situations identified above."

Having carefully reviewed the parties' submissions, the Court finds that, although Plaintiff's requests may meet the liberal relevancy standard of Rule 26(b)(1), Request for Production No. 14 and Interrogatory No. 10 are overly broad and that Defendant has completely and adequately responded to Requests for Production Nos. 10 through 13. Accordingly, the Court finds Plaintiff's motion to compel as to Interrogatory No. 10 and Request for Production Nos. 10 through 14 should be denied.

### B.  Kim Whitlock's Personnel File

Request for Production No. 4 seeks the production of Kim Whitlock's personnel file. Defendant objects to this request "on the grounds that it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence." Defendant further objects on the ground that the information sought is confidential and that producing the requested documents would violate Kim Whitlock's right to privacy. Notwithstanding its objections, Defendant has agreed to provide Plaintiff with relevant documents other than those that are privileged or confidential.

Having carefully reviewed the parties' submissions, the Court finds that although some of the information sought may be relevant, the request, as it currently stands, is overly broad.

Therefore, the Court finds that Plaintiff's Motion to Compel as to Request for Production No. 4 should be denied.

### C.    Documents Concerning Plaintiff, Whitlock, or the Litigation

Request for Production No. 6 seeks "all documents, including communications, written, electronic or otherwise that refer to, mention or relate in any way to, Plaintiff, Whitlock or the litigation or the allegations facts and circumstances concerning the litigation." Defendant objects to the request on numerous grounds including that it is overly broad, unduly burdensome and not reasonably limited in time or scope. Defendant further objects on grounds that the request seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on grounds that the request "seeks to invade the attorney client privilege, purports to require the disclosure of mental impressions, legal theories and/or conclusions of counsel that are otherwise protected from disclosure as work product, opinion work, attorney work product privilege, or any other appropriate ground of objection set forth in Rule 26 of the Federal Rules of Civil Procedure. Further, such documents were generated in anticipation of litigation and/or for trial and are thus protected by work product immunity." Defendant's Response to Plaintiff's Initial Discovery Requests at 11, attached as Exhibit 2 to Plaintiff's Motion to Compel.

Having carefully reviewed the parties' submissions, the Court finds that the request, as currently stated, is overly broad and that, as such, Plaintiff's motion as to Request for Production No. 6 should be denied.

### D.    Communications By and Between Whitlock

Request for Production No. 8 seeks "all communications between [Defendant] . . . and Whitlock." Defendant objects to this request on grounds that it is vague, ambiguous, overly broad,

unduly burdensome, not reasonably limited in time or scope, and irrelevant and not reasonably calculated to lead to the discovery of relevant information. Defendant further objects on the ground that the documents sought would invade attorney client privilege. Notwithstanding these objections, Defendant asserts that no responsive documents exist and states that Whitlock testified that "she had no communication with Walgreen relating to this lawsuit except discussions with counsel." Defendant's Response at 7. Plaintiff asserts that Defendant's failure to provide a privilege log waives the objection based on attorney-client privilege.

Having carefully considered the parties' submissions, the Court finds that the request, as currently stated, is overly broad and not reasonably limited in time or scope. Nevertheless, the Court finds that Defendant has completely and adequately responded to the request, and that, as such, Plaintiff's motion to compel as to Request for Production No. 8 should be denied.

Request for Production No. 9 seeks "all email from Whitlock's Walgreen's email account, if any." Defendant objects to this request on grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably limited in time or scope. Defendant further objects on grounds that the documents sought are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Defendant asserts that no responsive documents exist and states that Whitlock testified that "she had no e-mail account while she was a pharmacy tech or senior pharmacy tech."

Having carefully considered the parties' submissions, the Court finds that the request, as currently stated, is overly broad and not reasonably limited in time or scope. Nevertheless, the Court finds that Defendant has completely and adequately responded to the request, and that, as such, Plaintiff's motion to compel as to Request for Production No. 9 should be denied.

E.    Stay of Adjudication of Defendant's Motion for Summary Judgment.

In light of the foregoing analysis, the Court finds no reason to stay adjudication of Defendant's Motion for Summary Judgment, to which Plaintiff has already responded. Accordingly, the Court finds that Plaintiff's request to stay adjudication should be, and hereby is, DENIED.

III.    Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Compel and Stay Adjudication of Defendant's Motion for Summary Judgment Until Resolution Thereof [docket no. 47].

**IT IS SO ORDERED this 21st day of June, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE