**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AHSLEY REGAN-TOUHY, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-135-M |
| ) | |
| WALGREEN COMPANY, a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is currently set on the Court's July, 2006 trial docket.

Before the Court is Defendant's Motion for Summary Judgment [docket no. 36], filed April 18, 2006. On May 30, 2006, Plaintiff filed her response. This matter has been fully briefed and is now ripe for adjudication.

I.  INTRODUCTION[1]

In November 2003, Plaintiff Ashley Regan-Touhy was diagnosed with genital herpes for which her physician prescribed Valtrex[2]. Plaintiff filled her prescription at one of Defendant's pharmacies in November and December of 2003. At some point Plaintiff's ex-husband Bryan Abrams ("Abrams") found out about her condition, and in February 2004, he contacted Plaintiff and questioned her about it.

In October or November of 2004, Abrams told Plaintiff and others that he had obtained her

---

[1] The following facts are described in the light most favorable to Plaintiff. Immaterial facts or factual averments not supported by the record are omitted.

[2] Plaintiff asserts, and Defendant does not deny, that Valtrex is used only to treat genital herpes.

confidential information from Kim Whitlock ("Whitlock").[3,4] At the time Whitlock was employed by Defendant as a pharmacy technician and had access to Plaintiff's confidential information including her prescription for Valtrex. Additionally, during this time Abrams was dating Kim Frazier ("Frazier"), who is a friend of Whitlock, and Abrams was renting a house from Whitlock's grandmother-in-law and worked with Whitlock's husband.

Plaintiff brings this personal injury action against Defendant alleging intentional infliction of emotional distress, breach of duty of confidentiality, invasion of privacy, and violation of Okla. Stat. title 63 § 1-502.2(H)[5].

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is

---

[3]During her deposition, Whitlock stated that she knew Abrams had told others that she was the source of his information. Whitlock's Deposition at 62, attached as Exhibit 3 to Defendant's Motion for Summary Judgment.

[4]Abrams initially told Plaintiff he got her information through an employee of Planned Parenthood but later changed his story. Plaintiff contends that Abrams changed his story to protect Whitlock.

[5]Okla. Stat. tit. 63 § 1-502.2(H) provides:
> Any person who negligently, knowingly or intentionally discloses or fails to protect medical or epidemiological information classified as confidential pursuant to this section shall be civilly liable to the person who is the subject of the disclosure for court costs, attorneys fees, exemplary damages and all actual damages, including damages for economic, bodily or psychological harm which is proximately caused by the disclosure.

appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255; *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), cited in *Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005). Further, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *See Celotex Corp.*, 477 U.S. at 324.

### III. DISCUSSION

In order to establish any of her claims, Plaintiff must show that Whitlock disclosed her confidential medical information. Defendant contends that Plaintiff has produced no admissible evidence that Whitlock disclosed her confidential information. Particularly, Defendant contends that

Plaintiff's claims are premised entirely upon inadmissible hearsay within hearsay. "While the party opposing summary judgment 'need not produce evidence in a form that would be admissible at trial, . . . the content or substance of the evidence must be admissible.'" *Wright-Simons v. City of Okla. City*, 155 F.3d 1264, 1268 (10th Cir. 1998). Thus, "[h]earsay testimony that would not be admissible at trial is not sufficient to defeat a motion for summary judgment." *Buettner v. N. Okla. County Mental Health Ctr.*, 158 Fed. Appx. 81 (10th Cir. 2005)[6] (citing *Thomas v. IBM* 48 F.3d 478, 485 (10th Cir. 1995)("a third party's description of a witness' supposed testimony is not suitable grist for the summary judgment mill").

In support of her claims, Plaintiff relies on Abrams' statement that he was told by Frazier that she was told by Whitlock that Plaintiff had herpes. Plaintiff asserts that Abrams' statement is not hearsay because Whitlock's alleged statement to Frazier is an admission by a party opponent. Federal Rule of Evidence 801(d)(2) provides, in pertinent part, "[a] statement is not hearsay if . . . the statement, is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ." Fed. R. Evid. 801(d)(2). However, the Court finds that Abrams' statement is hearsay within hearsay, and even assuming, without deciding, that Whitlock's statement to Frazier is an admission, Frazier's statement to Abrams is hearsay and an exception to the hearsay rule must apply to make Frazier's alleged statement to Abrams admissible. Plaintiff, however, does not assert, and the Court does not find, that a hearsay exception applies to Frazier's alleged statement to Abrams. Therefore,

---

[6]This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

the Court finds that Plaintiff's hearsay evidence cannot be relied on by Plaintiff to defeat the instant motion.

Plaintiff also asserts that there is a "wealth of admissible evidence pointing to Ms. Whitlock, a Walgreen's pharmacy technician, as the source of the unlawful disclosure." Plaintiff's Response at 3. The "wealth of admissible evidence," apart from the hearsay statement of Abrams, consists of the fact that Whitlock worked as a pharmacy tech for Defendant and, thus, had access to Plaintiff's information, that Whitlock is friends with Frazier, and that Frazier is dating Abrams. The Court finds that these allegations are not sufficient to establish a genuine issue of material fact as to whether Whitlock disclosed Plaintiff's confidential information. As such, the Court finds that Plaintiff has failed to prove a genuine issue of material fact exists to defeat summary judgment.

Accordingly, having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff and viewing all reasonable inferences in Plaintiff's favor, as the Court must at the summary judgment stage, the Court finds that Plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether Whitlock disclosed Plaintiff's confidential medical information. Accordingly, the Court finds that Defendant is entitled to summary judgment as to all of Plaintiff's claims.

IV.     CONCLUSION

For the reasons set forth in detail above, the Court GRANTS Defendant's Motion for Summary Judgment.  This Order effectively terminates this action in this Court.

**IT IS SO ORDERED this 21st day of June, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE